OPINION OF THE COURT
Loren N. Brown, J.
The defendant moves for an order vacating a default judg *145 ment entered on April 15, 1985, and dismissing the action upon the ground that the court lacks jurisdiction over the person of the defendant.
This action was commenced to recover damages resulting from a kitchen fire in an apartment occupied by the defendant. Through an oversight, service was effectuated pursuant to Vehicle and Traffic Law §253, which applies to claims arising from the use or operation of a motor vehicle in this State by a nonresident operator. Service of a summons with notice was made on the Secretary of State; a copy was also sent by certified mail and was received by Alma Amell, wife of the defendant. The plaintiff admits that service was improper but, relying upon CPLR 317, contends that, regardless of the method of service, before a default may be vacated, the defendant must show the court that he did not receive notice of the summons in time to defend the action, and that he has a meritorious defense.
The plaintiff’s reliance on CPLR 317 is misplaced. Section 317 is only applicable to those actions properly commenced pursuant to CPLR 308 (2)-(5) and 313, and to which, for whatever reason, the defendant did not actually receive the notice. It ameliorates the potential injustice resulting from substituted service when a defendant does not actually receive timely notice (1 Weinstein-Korn-Miller, NY Civ Prac U 317.01). The service in this action was ineffectual in the first instance. The court has not obtained jurisdiction over the defendant by proper service, and defendant cannot be required by an exercise of jurisdiction to show that he failed to receive a summons, or that he has a meritorious defense.
Accordingly, the motion is, in every respect, granted.